UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

INVESTMENT TECHNOLOGY                    :
GROUP, INC., ITG INC.,
ITG SOLUTIONS NETWORK, INC.              :
and THE MACGREGOR GROUP, INC.
                                         :    07 Civ. 510 (GEL)(HBP)
                        Plaintiffs,
                                         :    ORDER
      -against-
                                         :
LIQUIDNET HOLDINGS, INC,
                                         :
                        Defendant.
                                         :
-------------------------------------X

        PITMAN, United States Magistrate Judge:

        A conference having been held on this date during which

various discovery issues were discussed, for the reasons stated

on the record in open court and the additional reasons set forth

below, it is hereby ORDERED that:

        1.   Defendant's application to compel damages

discovery concerning plaintiffs' Channel ITG product is

granted.   Plaintiffs are directed to produce responsive

documents within thirty (30) days of the date of this

Order.

        2.   No later than March 30, 2009, plaintiffs are

to identify to defendant's counsel 100 documents from

defendant's index of documents withheld on the ground

of privilege.  No later than April 6, 2009, defendant

is directed to produce copies of the documents identi-

fied by plaintiffs to my chambers for in camera review.
Defendant shall number the copies produced to my cham-
bers in a manner that corresponds to its index of
withheld documents.

3.    Defendant's application to compel production
of documents and other discovery relating to an advice-
of-counsel defense to defendant's claim of willful
infringement is denied without prejudice to renewal
after the resolution of the parties' contemplated
summary judgment motions.   Although Gaull v. Wyeth
Labs., Inc., 687 F. Supp. 77 (S.D.N.Y. 1988) required
the accused infringer in that case to make disclosure
concerning its advice-of-counsel defense at a rela-
tively early stage of the proceedings, the more recent
decisions from the Federal Circuit and from Judges in
this District have held that the decision of whether to
assert an advice-of-counsel defense should be deferred
until the need to assert such a defense is clear.   See
In re Seagate Technology, Inc., 497 F.3d 1360, 1369-70
(Fed. Cir. 2007 )(en banc), cert. denied, 128 S.Ct.
1445 (2008); Quantum Corp v. Tandon Corp., 940 F.2d
642, 643-44 (Fed. Cir. 1991); Minerals Technologies,
Inc. v. Omya AG, 04 Civ. 4484 (VM)(MHD), 2005 WL
1539284 at *1 (S.D.N.Y. June 29, 2005); Kos Pharma-
ceuticals, Inc. v. Barr Labs., Inc., 218 F.R.D. 387,

2

393-95 (S.D.N.Y.), modification denied, 293 F. Supp.2d 370 (S.D.N.Y. 2003).

Preliminarily, at least, it appears that plaintiffs have a non-trivial summary judgment motion concerning the viability of defendant's claim for intentional infringement.  Given this fact, the potential prejudice to plaintiffs that might result from compelling discovery at this stage and the relatively narrow nature of discovery concerning an advice-of-counsel defense, I conclude that the more prudent course is to defer discovery concerning this issue until, at least, dispositive motions are resolved in this action.

Dated:   New York, New York
         March 23, 2009

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Steven M. Lieberman, Esq.
R. Elizabeth Brenner-Leifer, Esq.
Rothwell, Figg, Ernst & Manbeck
Suite 800
1425 K Street N.W.
Washington , D.C.   20005

Michael A. Nicodema, Esq.
Gaston Kroub, Esq.
Greenberg Traurig, LLP (NYC)
200 Park Avenue
New York, New York   10166

3